USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
:
DAVID KEITH,                                                      :
                                                                  :
                              Movant,                             :     1:25-cv-3298-GHW
                                                                  :     1:20-cv-4410-GHW
              -against-                                           :     1:15-cr-827-GHW
                                                                  :
UNITED STATES OF AMERICA,                                         :     MEMORANDUM OPINION &
                                                                  :             ORDER
                              Respondent.                         :
                                                                  :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

David Keith sexually assaulted children. He possessed an extensive collection of child pornography—some of which he created. Mr. Keith pleaded guilty to his crimes. He was sentenced by then-District Judge Alison J. Nathan to 168 years in prison. After his conviction, Mr. Keith filed an appeal to the Second Circuit Court of Appeals. He lost. Mr. Keith then filed a petition for habeas corpus relief. Judge Nathan—by then elevated to the Second Circuit, but working on her case in the district court by designation—wrote an extended opinion denying Mr. Keith's petition. Mr. Keith appealed that decision as well. Again, he lost.

In this motion, his most recent bid to overturn his conviction, Mr. Keith invokes Rule 60(b) of the Federal Rules of Civil Procedure to argue that Judge Nathan's habeas decision should be vacated. He contends that the decision was riddled with mistakes and misapprehensions of his prior arguments, and that he is "actually innocent"—not of his criminal conduct, but of the enhancements applied at sentencing. He also argues that Judge Nathan lacked jurisdiction to issue her opinion because she was a Circuit Judge sitting by designation, not a District Judge. Because Mr. Keith's

motion primarily misuses Rule 60(b) as a vehicle to attack his conviction, and his claim that Judge Nathan lacked authority to rule on his habeas petition is meritless, Mr. Keith's motion is DENIED.

## II.   BACKGROUND

### A.  Procedural History

The nature of the crimes committed by Mr. Keith have been amply detailed in prior filings in this case. As a result, the Court limits itself here to a brief description of the procedural history directly applicable to this motion.

On November 29, 2016, Mr. Keith pleaded on pleaded guilty to a number of crimes related to his sexual exploitation of children and distribution of child pornography. See Dkt. No. 70 (transcript of plea proceeding). Prior to sentencing, Mr. Keith's counsel litigated the applicability of several sentencing enhancements. Dkt. No. 72. Judge Nathan resolved that motion by order on May 16, 2017. Dkt. No. 84. Judge Nathan sentenced Mr. Keith on September 5, 2017 after he had mounted an unsuccessful effort to withdraw his plea. Dkt. No. 106 (sentencing transcript). Judge Nathan sentenced Mr. Keith to serve 168 years in prison. Dkt. No. 118 (judgment).

Mr. Keith promptly appealed his conviction and sentence. Dkt. No. 120. The Second Circuit Court of Appeals denied the appeal by summary order on March 15, 2019. The mandate issued on April 26, 2019. Dkt. No. 126.

On June 4, 2020, Mr. Keith filed a petition to vacate his conviction and sentence under 28 U.S.C. § 2255. Dkt. No. 129. On July 8, 2022, after the petition was fully briefed, Judge Nathan denied the petition. Dkt. No. 146 (the "2255 Order"). Her comprehensive written opinion identified, and addressed, all of the fifteen separate grounds for relief asserted by Mr. Keith. *Id.* at 9-10. By the time that she issued the 2255 Order, Judge Nathan had been elevated from her position as a District Judge to serve as a Circuit Judge on the Second Circuit Court of Appeals. Thus, the signature page of the 2255 Order described Judge Nathan as a "United States Circuit Judge, sitting

by designation." *Id.* at 39.  Mr. Keith appealed Judge Nathan's denial of his habeas petition.  Dkt. No. 147.  On review, the Second Circuit dismissed the appeal, finding that it "lacks an arguable basis either in law or in fact."  Dkt. No. 148 (internal quotation omitted).  The mandate issued on October 10, 2023.  *Id.*

### B. The "Rule 60" Motion

On April 16, 2025—over 32 months after Judge Nathan issued the 2255 Order—Mr. Keith filed the Motion that is the subject of this opinion.  Dkt. No. 149 (the "Motion").  Mr. Keith styles the motion as one made pursuant to Federal Rule of Civil Procedure 60(b).  In it, he asserts seven claims for relief.[1]  Mr. Keith's first argument is that Judge Nathan lacked jurisdiction to rule on his habeas petition because she was a Circuit Judge at the time, rather than a District Judge.  *Id.* at 1.  The remainder of Mr. Keith's overlapping arguments impugn Judge Nathan's decision denying his habeas petition and attack his conviction and sentence on the merits.  As Mr. Keith summarizes those arguments in the introduction to his Motion, he contends that Judge Nathan's opinion should be vacated under Rule 60(b) "on the grounds that . . . (2) the Court mistakenly denied relief on Keith's Double Jeopardy challenge to the Superseding Indictment, on the basis that Keith's guilty

---

[1] In its opposition, the Government summarizes those arguments as follows:  "1.  The court lacked jurisdiction to deny the First Habeas Motion because the Court was a United States Circuit Judge sitting by designation when the July 8, 2022, Order was entered (*id.* at 1); 2.  The Court mistakenly denied relief on Keith's Double Jeopardy challenge to the S2 Superseding Indictment on the basis that Keith's guilty plea foreclosed the argument that Keith was attempting to set out (*id.* at 1); 3.  Keith is entitled to Rule 60(b)(6) relief because he is actually innocent of the statutory enhancements imposed under 18 U.S.C. §§ 2251(e) and 2252A(b)(1) and (2) (*id.* at 8); 4.  Keith is entitled to Rule 60(b)(1) and (6) relief on the grounds that the Court mistakenly denied ground four of the First Habeas Motion because the Court misunderstood the argument Keith was attempting to set out, which was that the Government had to "prove" that his alleged victims were minors (*id.* at 15); 5.  Keith is entitled to relief on the grounds that the Court denied ground five of the First Habeas Motion on the basis that the argument was foreclosed by Keith's guilty plea because Keith could not have waived his rights with respect to charges that the Government could not legally prosecute (*id.* at 15); 6.  Keith is entitled to relief on the grounds that the Court denied ground eleven of the First Habeas Motion on the basis that whether or not trial counsel discussed 18 U.S.C. § 2 with Keith did not bear on whether trial counsel acted unreasonably and that it did not prejudice Keith (*id.* at 15); and 7.  Keith is entitled to Rule 60(b)(6) relief on the grounds that he is actually innocent of Counts Two and Four and all of the aiding and abetting charges (*id.* at 15)."  Dkt. No. 152 at 9-10.  The Court adopts this taxonomy of Mr. Keith's arguments for purposes of this opinion:  numerical references to Mr. Keith's claims refer to the claim numbers listed above.

plea foreclosed the argument that Keith was attempting to set out; and (3) Keith is actually innocent of the statutory enhancements imposed under 18 U.S.C. §§ 2251(e) and 2252(b)(1), (2)." *Id.* at 1-2.

Judge Nathan issued an order on April 25, 2025 directing the United States to file an opposition to the Motion. Dkt. No. 150. The Government's opposition was filed on June 23, 2025. Dkt. No. 152 ("Opp."). In its opposition, the Government presented three principal arguments for the dismissal of Mr. Keith's Motion. First, the Government argued that the Court should dismiss "claims two through seven, as outside the scope of Rule 60(b) relief since Keith is attempting to attack his underlying conviction and sentence rather than a defect or error in the Court's 2255 Order." Opp. at 13. "Indeed, each of claims two through seven are merely another attempt by Keith to rehash the same issues—namely, collateral attacks on his conviction and sentencing—that have already been strenuously litigated and decided at various points in time by both this Court and the Second Circuit." *Id.*

Second, the Government asserted that Mr. Keith's motion was untimely to the extent that it relied on Federal Rule of Civil Procedure 60(b)(1), (2), or (3). A motion pursuant to one of those sections of the Rule must be made within one year of the 2255 Order—that is, by July 8, 2023. Thus, the Government argued, the Motion—filed on April 16, 2025—was filed more than a year and nine months after the deadline.

Third, the Government addressed the merits of Mr. Keith's claims. The Government responded to Mr. Keith's argument that Judge Nathan did not have jurisdiction to issue the 2255 Order by pointing to 28 U.S.C. § 291(b), which provides that the "chief judge of a circuit . . . may, in the public interest, designate and assign temporarily any circuit judge within the circuit . . . to hold a district court in any district within the circuit." The Government argued that Judge Nathan was authorized by statute to sit by designation as a District Judge when she issued the 2255 Order. Opp.

4

at 16. The Government then responded to the substance of Mr. Keith's remaining claims. *Id.* at 17-21.

On July 17, 2025, Judge Nathan extended Mr. Keith's deadline to file his reply by thirty days. Dkt. No. 153. Shortly thereafter, these matters were reassigned to the undersigned District Judge. Dkt. No. 156.

Mr. Keith filed his reply on September 8, 2025. Dkt. No. 160 (the "Reply"). Mr. Keith's Reply responded to the Government's argument that his motion was effectively a second habeas petition. In doing so, however, Mr. Keith effectively conceded the core issue raised by the Government's opposition: claims two through seven were attacks on his conviction and sentence. As Mr. Keith wrote, "Keith's rule 60(b)(1) claims are predicated on the District Court's error of law in denying his Section 2255 motion to vacate . . . ." Reply at 3.

> Keith's Rule 60(b)(6) claims are based on his actual and factual innocence of the statutory enhancements imposed under 18 U.S.C. §§ 2251(e) and 2252A(b)(1); actually innocent of Counts Two and Four; and actually innocent of all of the aiding and abetting charges. Keith's actual innocence claims are not enumerated in grounds (1) through (5) of Rule 60(b), and failure to grant relief would work an extreme hardship on Keith—namely 168 years of imprisonment. Moreover, the extraordinary circumstances warranting 60(b)(6) relief here are: the risk of injustice to Keith in that he may be required to serve the entire 168 year sentence if relief is not granted in these proceedings; and the risk of undermining the public's confidence in the judicial process—in that America does not incarcerate innocent persons.

*Id.* at 4.

With respect to Mr. Keith's first claim—the challenge to Judge Nathan's jurisdiction to issue the 2255 Order—Mr. Keith argued that the Motion was properly asserted under Rule 60(b)(4). He contended that Judge Nathan "plainly usurped jurisdiction by rendering judgment on Keith's Section 2255 motion to vacate while sitting as a Circuit Judge." *Id.* at 3.

Mr. Keith recognized that to the extent his Motion relied on Rule 60(b)(1) it was "tardy absent equitable tolling." *Id.* at 5. He argued, however, that equitable tolling was appropriate

because his legal materials were seized by prison officials in March 2023 and were not returned to him until January 2025. *Id.* at 6. Mr. Keith asserted that he diligently pursued his motion after those materials were returned to him. *Id.* at 6-7. Finally, he argued that because he was "actually innocent"—not of the underlying crime, but the sentencing enhancements applied by Judge Nathan—equitable tolling was appropriate. *Id.* at 8.

Mr. Keith then responded to the Government's arguments regarding the merits of his various claims for relief. Mr. Keith framed his arguments using the taxonomy of his claims laid out by the Government in its opposition. With respect to his first claim, Mr. Keith recognized that on its face 28 U.S.C. § 291(b) authorized Judge Nathan to preside over his habeas petition by designation. But, he argued that the statute was "unconstitutional as-applied to Keith." *Id.* at 9. This was because, he argued, "any en banc appeal would have gone back to Judge Nathan." *Id.* Then Mr. Keith responded to the Government's arguments regarding the merits of his second through seventh claims. *Id.* at 10-14.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[A] 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). Rule 60(b)(4) allows a party to seek relief from a judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief'" and is only available "when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S. at 533. "Even then, 'extraordinary circumstances' must justify reopening" a case. *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Nor does the court have any power to enlarge the time limits of the rule." 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed.). "This limitations period is absolute . . . ." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000); *see also United States v. Williams*, 56 F.4th 366, 371 (4th Cir. 2023) (holding that Rule 60(b)(3)'s one-year time limit is a mandatory claim-processing rule that cannot be tolled).

Motions made under Rule 60(b)(4) through (6) must be made within a "reasonable time." What constitutes "a reasonable time . . . is to be determined based on 'the particular circumstances of the case,' taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983)).

Relief under Rule 60(b) is limited when applied to challenge a prior habeas proceeding. "[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). At the same time, the Second Circuit has "emphasized that a Rule 60(b) motion does not itself seek habeas relief and should therefore be treated as any other motion under Rule 60(b) for purposes of AEDPA, *provided that* the motion relates to the integrity of the federal habeas proceeding, not to the integrity of the . . . criminal trial." *Id.* at 80 (internal quotations omitted) (emphasis in original).

As the Second Circuit has explained, "a Rule 60(b) motion that *attacks the integrity* of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other Rule 60(b) motion that lacks merit." *Id.* at 82 (emphasis in original). "On the other hand,

7

. . . a Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition . . . or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Id.* (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

Because Mr. Keith is proceeding *pro se*, the Court must construe each of his submissions in support of the Motion "liberally to raise the strongest arguments it suggests." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

## IV. DISCUSSION

### A. Claim One Has No Merit Because Judge Nathan Had the Authority to Issue the 2255 Order

Because Judge Nathan had the authority to issue the 2255 Order, Mr. Keith's claim that the order was invalid lacks merit. As a threshold matter, Mr. Keith's argument that Judge Nathan lacked authority to issue the 2255 Order is an attack on the integrity of the prior habeas proceeding. Therefore, the Court must address the claim's merit. It has none.

Circuit Judges of the courts of appeals can be designated to preside over matters in district court. 28 U.S.C. § 291(b) (the "chief judge of a circuit . . . may, in the public interest, designate and assign temporarily any circuit judge within the circuit . . . to hold a district court in any district within the circuit."). The signature block of the 2255 Order identified Judge Nathan as a Circuit Judge acting by designation. In his Reply, Mr. Keith acknowledges that, on its face, the statute provides authority for Judge Nathan preside over his habeas petition.

Mr. Keith's backstop argument that the statute is unconstitutional as applied to him is also meritless. "[A] plaintiff generally cannot prevail on an *as-applied* challenge without showing that the law has in fact been (or is sufficiently likely to be) unconstitutionally *applied* to him." *McCullen v.*

*Coakley*, 573 U.S. 464, 485 n.4 (2014) (emphasis in original). "An 'as-applied challenge' . . . requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 174-75 (2d Cir. 2006)) (collecting cases).

The Court understands that Mr. Keith contends that the application of the statute in his case deprives him of a right to have an impartial panel of the Second Circuit hear an appeal of Judge Nathan's decision. He argues that "any en banc appeal would have gone back to Judge Nathan." Reply at 9. But Mr. Keith's argument has no support in the facts of this case. For an independent panel of Circuit Judges from the Second Circuit Court of Appeals affirmed the 2255 Order, Dkt. No. 148, and the Second Circuit did not entertain an *en banc* review of the panel's decision. None of the facts of this case suggest that the application of 28 U.S.C. § 291(b) deprived Mr. Keith of a substantive right.

### B. Claims Two Through Seven Are Beyond The Scope of Rule 60(b)

Claims two through seven in Mr. Keith's Motion attack the integrity of his underlying criminal conviction and sentence. As the Government's opposition cogently argues, through those claims Mr. Keith largely relitigates issues that he has already had the opportunity to litigate before Judge Nathan and the Second Circuit in his underlying criminal proceedings and in his habeas petition. In his Reply, Mr. Keith provided no substantive objection to the Government's argument that these claims challenged Mr. Keith's conviction.

Faced with a purported Rule 60(b) motion challenging Mr. Keith's conviction, the Court has the option to either treat it as a successive habeas petition or deny it as beyond the scope of the rule. *See United States v. Christian Bros. Contracting Corp.*, 586 F. App'x 79, 80 (2d Cir. 2014) (summary

order). Here the Court elects to deny claims two through seven because they are beyond the scope of Rule 60(b).[2]

## V. CONCLUSION

For the reasons stated above, Mr. Keith's Motion is denied. Mr. Keith's first claim lacks substantive merit and the remaining claims fall outside of the scope of Rule 60(b). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Mr. Keith has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 149 in *United States v. David Keith,* No. 1:15-cr-827-GHW. The Clerk of Court is further directed to enter judgment for the Respondent and to close Mr. Keith's civil action, *David Keith v. United States*, No. 1:25-cv-3298-GHW. Finally, the Clerk of Court is directed to mail a copy of this opinion to Mr. Keith.

SO ORDERED.

Dated: September 26, 2025
      New York, New York

                                            GREGORY H. WOODS
                                           United States District Judge

---

[2] To the extent that his Mr. Keith's claims rely on Rule 60(b)(1), they are also time barred, and should be denied for that reason as well.